UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, BW7093,<br><br>    Petitioner,<br><br>    v.<br><br>M. EGGERS,<br><br>    Respondent. | Case No. 24-cv-01175-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 5) |

**I.**

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that on January 4, 2023, Greenfield Police Officer M. Eggers "threatened" him while taking him to the Monterey County Jail.  ECF No. 1 (Pet.) at 3.  Petitioner specifically alleges that Eggers "threatened to shoot me" if "I run from him" even though "I was in handcuffs."  Id.

Petitioner seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.  Based solely on his affidavit of poverty, his application to proceed IFP (ECF No. 5) is GRANTED.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983.  Hill v. McDonough, 547 U.S. 573, 579 (2006).  Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement."  Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted).  Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983."  Id. (citation and internal quotation marks omitted).  In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas

corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, petitioner does not specify what relief he seeks in connection with his allegations that Eggers unnecessarily threatened to shoot him while taking him to the Monterey County Jail. But whether he seeks damages or other relief such as an investigation or an injunction preventing Eggers from threatening petitioner with use of force again, success on petitioner's suit would not necessarily lead to petitioner's immediate or earlier release from confinement on his recent conviction that has nothing to do with Eggers' alleged threat while taking petitioner to the Monterey County Jail. See Skinner, 562 U.S. at 534. Afterall, petitioner concedes in his petition that "this is not reason why I'm incarcerated." ECF No. 1 at 5. Put simply, petitioner's suit that Eggers unnecessarily threatened to shoot him while taking him to the Monterey County Jail does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under §1983." Nettles, 830 F.3d at 934 (citations and internal quotation marks omitted).

## III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging misconduct by Eggers while taking petitioner to the Monterey County Jail is DISMISSED without prejudice to bringing in a prisoner complaint under 42 U.S.C. § 1983.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is directed to close the case, terminate all pending motions as moot and send petitioner a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Dated: April 8, 2024

_____
CHARLES R. BREYER
United States District Judge